IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02082-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

CHRISTOPHER JOE CLARK,

    Applicant, named as Petitioner,

v.

[NO NAMED RESPONDENT],

    Respondent.

## ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES

    Applicant, Christopher Joe Clark, is a prisoner in the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado.  He submitted *pro se* a "Petition for Writ of Habeas Corpus" appearing to challenge the execution of his sentence (ECF No. 1).  The clerk of the Court docketed the petition as filed pursuant to 28 U.S.C. § 2254.

    However, if Mr. Clark is attempting to challenge the execution of his state court sentence, the claims must be asserted in a habeas corpus application pursuant to § 2241.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).  If Mr. Clark is attempting to challenge the validity of his state court conviction and sentence, the claims must be asserted in a habeas corpus application pursuant to § 2254.  *See id.*

    As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the submitted documents are deficient as described in this order.

Applicant will be directed to cure the following if he wishes to pursue any claims in this court in this action. Any papers that Applicant files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1) <u> X </u>   is not submitted
(2) <u>   </u>   is missing affidavit
(3) <u>   </u>   is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4) <u> X </u>   is missing certificate showing current balance in prison account
(5) <u>   </u>   is missing required financial information
(6) <u>   </u>   is missing an original signature by the prisoner
(7) <u>   </u>   is not on proper form (must use the court's current form)
(8) <u>   </u>   names in caption do not match names in caption of complaint, petition or habeas application
(9) <u> X </u>   other:  <u>§ 1915 motion and affidavit and certificate showing current balance in prison account only are necessary if $5.00 filing fee is not paid in advance</u>

**Complaint, Petition or Application**:
(10) <u>   </u>   is not submitted
(11) <u> X </u>   is not on proper form
(12) <u>   </u>   is missing an original signature by the prisoner
(13) <u>   </u>   is missing page nos. <u>   </u>
(14) <u>   </u>   uses et al. instead of listing all parties in caption
(15) <u>   </u>   names in caption do not match names in text
(16) <u>   </u>   addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17) <u> X </u>   other:  <u>The only proper Respondent in a habeas corpus action is Applicant's current warden, superintendent, jailer or other custodian.</u>

Accordingly, it is

ORDERED that Applicant cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers that Applicant files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Applicant shall obtain the court-approved form for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §

1915 in a Habeas Corpus Action (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in curing the designated deficiencies. It is

FURTHER ORDERED that Applicant also obtain with the assistance of his case manager or the facility's legal assistant the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 if Applicant is challenging the execution of his sentence or an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 if Applicant is challenging the validity of his conviction and sentence, and use the appropriate form in filing the habeas corpus application. It is

FURTHER ORDERED that Applicant shall not file both a habeas corpus application pursuant to § 2241 and a habeas corpus application pursuant to § 2254. It is

FURTHER ORDERED that, if Applicant fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED July 28, 2014, at Denver, Colorado.

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge