IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02082-BNB

CHRISTOPHER JOE CLARK,

Applicant, named as Petitioner,

v.

[NO NAMED RESPONDENT],

Respondent.

---

ORDER OF DISMISSAL

---

Applicant, Christopher Joe Clark, is a prisoner in the custody of the Colorado Department of Corrections at the correctional facility in Sterling, Colorado. He submitted *pro se* a Petition for Writ of Habeas Corpus (ECF No. 1) appearing to challenge the execution of his sentence. The clerk of the Court docketed the petition as filed pursuant to 28 U.S.C. § 2254.

The Court reviewed the petition and determined it was deficient. Therefore, on July 28, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 3) directing Mr. Clark to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

The July 28 order pointed out that if Mr. Clark was attempting to challenge the execution of his state court sentence, the claims must be asserted in a habeas corpus application pursuant to 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). The July 28 order further pointed out that if Mr. Clark was attempting

to challenge the validity of his state court conviction and sentence, the claims must be asserted in a habeas corpus application pursuant to § 2254. *See id.*

The July 28 order also pointed out that Mr. Clark failed to submit either the $5.00 filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action, together with a certificate of the warden showing the current balance in his prison account. The July 28 order further pointed out that Mr. Clark failed to submit an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on the proper, Court-approved form that named the appropriate Respondent. The July 28 order directed Mr. Clark to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 if he sought to challenge the execution of his sentence or an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 if he sought to challenge the validity of his conviction and sentence, and use the appropriate form in filing the habeas corpus application.

The July 28 order warned Mr. Clark not to file both a habeas corpus application pursuant to § 2241 and a habeas corpus application pursuant to § 2254. The July 28 order further warned Mr. Clark that if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

Mr. Clark has failed within the time allowed to cure the designated deficiencies as directed or otherwise communicate with the Court in any way. Therefore, the action will

be dismissed without prejudice for Mr. Clark's failure to cure the designated deficiencies as directed within the time allowed, and for his failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Clark files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Petition for Writ of Habeas Corpus is denied and the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Christopher Joe Clark, to cure the deficiencies designated in the order to cure of July 28, 2014, within the time allowed, and for his failure to prosecute. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this 5th day of September, 2014.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court